```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-4-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

GRETA ROTHSTEIN and                 :
KONSTANTINOS KARETSOS,
                                    :
              Plaintiffs,              08 Civ. 5123 (PKC)(HBP)
                                    :
     -against-
                                    :  OPINION AND
KUOSEN FUNG, PETER BON VISO,           ORDER
DANIEL GLATTER, MICHAEL PAUL        :
FIX and MERRILL LYNCH, PIERCE,
FENNER and SMITH, INC.,             :

              Defendants.           :

-----------------------------------X

    PITMAN, United States Magistrate Judge:

    By motion dated July 25, 2007, (Docket Item 6), plaintiff Greta Rothstein moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

    The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant; there is no right to appointed counsel in civil cases. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'"). "'Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim.'" Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981).

In this action, plaintiffs seek to vacate the results of an arbitration proceeding that arose out of plaintiffs' dissatisfaction with defendants' handling of plaintiffs' joint

2

securities trading account. Plaintiffs alleged in the arbitration proceeding that defendants engaged in various types of fraud, deceit and related misconduct all of which had the effect of causing plaintiffs substantial financial damage. All of the defendants in this action were named as defendants in the arbitration proceeding. The arbitration was resolved in favor of defendants and adversely to plaintiffs. In this action, plaintiffs allege a number of defects in the arbitration proceeding which, in plaintiffs' view, require the vacatur of the results.

Prior to the commencement of this action, the defendants commenced an action to confirm the results of the arbitration proceeding. Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Rothstein, 08 Civ. 373 (GBD). The Honorable George B. Daniels, United States District Judge, issued an Order on September 30, 2008 confirming the results of the arbitration and entering judgment consistent with the arbitrators' award. Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Rothstein, 08 Civ. 373 (GBD), 2008 WL 4450272 (S.D.N.Y. Sept. 30, 2008). The docket sheet in 08 Civ. 373 indicates that Rothstein and Karetsos have appealed from Judge Daniels' decision.

The present action lacks merit because it is redundant of 08 Civ. 373 and, at least preliminarily, it appears that plaintiffs here are bound by the results in 08 Civ. 373. I appreciate that plaintiffs are disappointed and dissatisfied with

Judge Daniels' decision.  However, plaintiffs' only remedy is to appeal from Judge Daniels' decision; plaintiffs cannot simply commence another action raising the same issues that were resolved by Judge Daniels, nor can they commence another action to challenge the results reached by Judge Daniels.  "Under [the doctrine of] res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980), citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876); accord San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336 n.16 (2005); Arizona v. California, 530 U.S. 392, 424 (2000).  The pendency of an appeal does not render a judgment non-final under doctrine of res judicata.  DiSorbo v. Hoy, 343 F.3d 172, 183 (2d Cir. 2003); 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4433 at 78-82 (2d ed. 2002).

Finally, I note that even if Ms. Rothstein had shown that her case had merit, she has not described any efforts to locate counsel on her own.  To the contrary, she affirmatively states that she has not attempted to retain counsel on her own, citing her age and the fact that she lives aborad.  Neither of these facts excuses her from making this showing.

4

Accordingly, Ms. Rothstein's motion (Docket Item 6) is denied without prejudice to renewal. Any renewed application should specifically address the factors identified above.

Dated:  New York, New York
        March 4, 2009

                                    SO ORDERED

                                    /s/ Henry Pitman
                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Ms. Greta Rothstein
42-44 Despos Sechou
Athens 11743
Greece

Mr. Konstantinos Karetsos
42-44 Despos Sechou
Athens 11743
Greece

Neal Brickman, Esq.
21st Floor
317 Madison Avenue
New York, New York  10017